# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| TIMOTHY BRYAN STANDFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-01319-LCB-HNJ |
| ) | |
| ASST WARDEN JOSEPH ) | |
| HEADLEY, et al, ) | |
| ) | |
| Respondents. | |

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge entered a report (Doc. 13) on July 30, 2024, recommending that the court deny petitioner Timothy Bryan Standfield's ("Standfield") petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1); dismiss Standfield's claim regarding the Circuit Court of Lauderdale County, Alabama's ("State Circuit Court") purported lack of jurisdiction to impose a consecutive sentence with prejudice as meritless; and dismiss Standfield's remaining claims with prejudice as not properly exhausted and procedurally defaulted. The Magistrate Judge further recommended the court deny Standfield's Motion for Emergency Hearing (Doc. 9); Motion for Summary Judgment (Doc. 11); and Motion for Leave to Amend Petition (Doc. 12). On August 14, 2024, the court received Standfield's Motion to Stay Proceedings and Hold in Abeyance Pending

Exhaustion of New Claim (Doc. 14), and Standfield's Objections to Report and Recommendation (Doc. 15).

### A.   STANDFIELD'S OBJECTIONS TO REPORT AND RECOMMENDATION

#### 1.   The State Circuit Court had jurisdiction to impose a consecutive sentence.

Standfield argues the State Circuit Court's imposition of a consecutive sentence after the Federal District Court for the Northern District of Alabama ("Federal Northern District Court") imposed a concurrent sentence violated the principles of dual sovereignty. (Doc. 15 at 14-16). Standfield's objection lacks merit and warrants overruling.

As correctly explained by the Magistrate Judge in his Report and Recommendation:

> Finally, Standfield lodged another jurisdictional argument in his habeas petition that warrants rejection as meritless, regardless of whether it merits dismissal due to procedural default.  He asserts the Circuit Court lacked "jurisdiction to impose a sentence to run consecutive to an already adjudicated federal sentence which was ordered to run concurrently to any future state sentences arising from the same factual basis." (Doc. 1 at 10).  Standfield misunderstands the law – the imposition of a concurrent sentence in federal court does not deprive the state court of its authority to impose a consecutive sentence.

> "Under the principle of dual sovereignty, a defendant may be prosecuted and sentenced by state and federal governments if his conduct violates the laws of each sovereign." *Finch v. Vaughn*, 67 F.3d 909, 915 (11th Cir. 1995) (citations omitted).  As the United States Supreme Court explained:

> In our American system of dual sovereignty, each sovereign - whether the Federal Government or a State - is responsible for "the administration of [its own] criminal justice syste[m]." … If a prisoner…starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government - whether the district court or the Bureau of Prisons - that decides whether he will receive credit for the time served in state custody. And if he serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the Bureau said on the matter.

*Setser v. United States*, 566 U.S. 231, 241, 244-45 (2012) (alterations in original) (holding "it was within the District Court's discretion to order [criminal defendant's] sentence run consecutively to his anticipated state sentence"). *See also United States v. Ballard*, 6 F.3d 1502, 1509-10 (11th Cir. 1993) ("Which court sentences first is irrelevant. The tenet for dual sovereignty purposes is that each sovereign must respect not only the sentencing authority of the other, but also the sentence….[E]ach sovereign is entitled to have the defendant serve its respective sentence, and the defendant cannot choose the order of those sentences."); *United States v. Andrews*, 330 F.3d 1305, 1307 n.1 (11th Cir. 2003) (per curiam) (concluding "only that the federal court may control the federal sentence and whether a defendant will receive *federal* credit for the time served on his state sentence" and recognizing "that the Supremacy Clause does not permit federal courts to control how a state court sentences a defendant" (emphasis in original) (citation omitted)); *Finch*, 67 F.3d at 915 ("We specifically have held that a federal court is authorized to impose a federal sentence consecutive to a state sentence, although the state court explicitly made its sentence concurrent with the federal sentence." (citing *United States v. Adair*, 826 F.2d 1040, 1041 (11th Cir. 1987) (per curiam)); *Adair*, 826 F.2d at 1041 ("'A person who has violated the criminal statutes of both Federal and State Governments may not complain of the order in which he is tried or punished for such offenses.'" (quoting *Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir. 1980))). Standfield's claim warrants dismissal with prejudice as meritless.

(Doc. 13 at 40-42) (footnote omitted).

### 2. Alabama law provides an effective corrective process to adjudicate Standfield's claims.

Standfield contends he need not exhaust his claims pursuant to the exceptions contained in 28 U.S.C. § 2254(b)(1)(B). (Doc. 15 at 11-14). Section 2254(b)(1) provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

There exists an absence of available State corrective process when state law does not provide a mechanism for a petitioner to present his claims to the state court for adjudication. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." (citation omitted)); *McCarthan v. Dir. of Goodwill Inds.-Suncoast, Inc.*, 851 F.3d 1076, 1088 (11th Cir. 2017) ("The remedy by motion

4

is not ineffective unless the procedure it provides is incapable of adjudicating the claim."). Standfield does not contend Alabama law does not provide a mechanism for him to present his claims for adjudication. (*See* Doc. 15 at 11-14). In fact, the record before the court establishes Standfield presented many of his claims multiple times to the State Circuit Court and the Alabama Court of Criminal Appeals ("ACCA") through petitions brought pursuant to Rule 32 of the Alabama Rules of Criminal Procedure and a petition for a writ of mandamus. (*See* Doc. 13 at 2-20). Rather, Standfield contends a tuberculosis and syphilis outbreak prevented him from timely filing a petition for writ of certiorari review in the Alabama Supreme Court. (*See* Doc. 15 at 12-13). Standfield argues the Alabama Rules of Criminal Procedure provide no avenue for relief if a petitioner fails to timely file a petition for certiorari review in the Alabama Supreme Court equating to an absence of State corrective process. (Doc. 15 at 13). Standfield's allegations do not establish the absence of a State corrective process because Alabama law provides a mechanism for Standfield to seek redress. Standfield has been unable to obtain appellate review of his claims in state court due to his failure to follow procedural rules, not because Alabama law does not provide him an avenue to present his claims for adjudication. *See Duckworth*, 454 U.S. at 3; *McCarthan*, 851 F.3d at 1088. Standfield's objections on this basis warrant overruling.

In a case decided before the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Eleventh Circuit explained: "State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."[1] *Cook v. Fla. Parole & Prob. Comm'n*, 749 F.2d 678, 680 (11th Cir. 1985) (per curiam) (citing *Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978); *Reynolds v. Wainwright*, 460 F.2d 1026 (5th Cir.), *cert. denied*, 409 U.S. 950 (1972); *Dixon v. Florida*, 388 F.2d 424 (5th Cir. 1968)); *see also Duckworth*, 454 U.S. at 3 ("An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."). The state court record does not indicate any unreasonable, unexplained delays in acting on Standfield's state-court filings. (*See* Doc. 13-8; Doc. 13-17; Doc. 13-22; Doc. 13-28). Furthermore, Standfield's contentions the State Circuit Court failed to adhere to the Alabama Rules of Criminal Procedure and exhibited deliberate indifference to Standfield's constitutional rights (*see* Doc. 15 at 13-14), do not establish Alabama's post-

---

[1] "While 28 U.S.C. § 2254(b) has been reorganized since caselaw established that delay can make state processes ineffective, the operative text regarding the absence or ineffectiveness of state corrective processes is identical. *Compare* 28 U.S.C. § 2254(b)(1)(B)(i)–(ii), *with* 28 U.S.C. § 2254(b) (1966)." *Thomas v. Macon SP Warden*, No. 22-13358, 2024 WL 1092510, at *2 (11th Cir. March 13, 2024) (per curiam).

6

conviction remedies stand ineffective to protect Standfield's constitutional rights. *See Cook*, 749 F.2d at 680.  Standfield's objections on this basis warrant overruling.

### 3. Standfield's remaining claims stand procedurally defaulted.

Having found neither of 28 U.S.C. § 2254(b)(1)'s exceptions applicable to Standfield's case, this court may not grant Standfield's habeas petition absent a finding he exhausted his state court remedies.  *See* 28 U.S.C. § 2254(b)(1)(A). Standfield does not contend he exhausted his state-court remedies.  (*See generally* Doc. 15).

> As correctly explained by the Magistrate Judge:
>
> In general, if a petitioner failed to properly exhaust his state remedies before filing his federal habeas petition and those remedies remain available to him, the court dismisses his habeas petition without prejudice so that he may properly exhaust his claims. *See Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (per curiam) ("If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion." (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982); *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010)).
>
> However, the procedural default doctrine mandates dismissal with prejudice of claims not properly exhausted if state remedies are no longer available due to state procedural limitations, *see Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999) (per curiam), because the petitioner "deprived the state courts of an opportunity to address those claims in the first instance," *see Coleman v. Thompson*, 501 U.S. 722, 730-32 (1991).
>
> Procedural default can occur in two distinct ways.  First, if a state court correctly concludes a state procedural rule bars review of a petitioner's federal claim, federal courts must "respect the state court's decision."

*Bailey*, 172 F.3d at 1302 (citing *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992); *Meagher v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988)). Second, if state procedural rules prohibit review of a claim not properly exhausted, the federal court "may foreclose the petitioner's filing in state court" by dismissing the petition with prejudice, even in the absence of a state court ruling to that effect. *See id.* at 1303 (citing *Snowden*, 135 F.3d at 737; 28 U.S.C. § 2254(b)(1)(A) (1994) (pre-AEDPA)).

(Doc. 13 at 27).

### a.  *Independent and adequate state law.*

Standfield presented Claims One and Three to the state court, yet the ACCA found these claims asserted non-jurisdictional grounds for relief precluded as successive pursuant to Rule 32.2(b) and time-barred pursuant to Rule 32.2(c) of the Alabama Rules of Criminal Procedure. (Doc. 5-5 at 4-7). Thus, the Magistrate Judge concluded Claims One and Three stood procedurally defaulted pursuant to the first type of procedural default:

> Under the first type of procedural default, "[a] state court's rejection of a petitioner's constitutional claim on state procedural grounds will generally preclude any subsequent federal habeas review of that claim" if the rejection "rests upon [an] 'independent and adequate' state ground." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (citing *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir. 1990); *Coleman*, 501 U.S. at 729-30; *Harris v. Reed*, 489 U.S. 255, 262 (1989)); *see also Bailey*, 172 F.3d at 1305. In the Eleventh Circuit, a three-part test determines whether a state court's procedural ruling rests upon an independent and adequate state ground:
>
>> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without

8

> reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be "intertwined with an interpretation of federal law." Finally, the state procedural rule must be adequate; *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.
>
> *Judd*, 250 F.3d at 1313 (citing *Card v. Dugger*, 911 F.2d 1494, 1516-17 (11th Cir. 1990)) (internal citations omitted).
>
> The ACCA's conclusion Rule 32.2(b) and Rule 32.2(c) of the Alabama Rules of Criminal Procedure precluded review of Standfield's first and third claims rested on firmly established, independent, and adequate state procedural grounds the Alabama appellate courts regularly follow. *See Kuenzel v. Comm'r, Ala. Dep't of Corr.*, 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (finding Rule 32.2(c) of the Alabama Rules of Criminal Procedure an "independent and adequate state procedural rule" (citing *Hurth v. Mitchem*, 400 F.3d 857, 864 (11th Cir. 2005)); *Bailey*, 172 F.3d at 1304 (finding Rule 32.2(b) of the Alabama Rules of Criminal Procedure an "adequate and independent state procedural ground of successiveness").

(Doc. 13 at 30-31).

Standfield argues Claims One and Three do not stand procedurally defaulted because the ACCA did not rest its opinion on an independent and adequate state law ground. (Doc. 15 at 20-32). As recounted above, the Eleventh Circuit has previously held Rule 32.2(b) and Rule 32.2(c) of the Alabama Rules of Criminal Procedure constitute inadequate and adequate state law grounds. Standfield's objections on this basis warrant overruling.

Moreover, the Magistrate Judge alternatively concluded the second type of procedural default applied to Standfield's remaining claims as Standfield presented no claim to the Alabama Supreme Court. (*See* Doc. 13 at 31-42).

### b. *Not properly exhausted and procedurally defaulted.*

Standfield does not dispute he failed to present any claim to the Alabama Supreme Court. (*See generally* Doc. 15). Moreover, as the Magistrate Judge correctly found, none of Standfield's remaining claims stand jurisdictional pursuant to Alabama law. (*See* Doc. 13 at 34-40). Thus, Rule 32.2 of the Alabama Rules of Criminal Procedure precludes Standfield from asserting his claims in state court, and Standfield's remaining claims warrant dismissal with prejudice pursuant to the procedural default doctrine unless an exception applies. (*See* Doc. 13 at 33-34).

### 4. No exception to the procedural default doctrine applies to Standfield's remaining claims.

Standfield argues the procedural default doctrine does not apply to his claims because the State Circuit Court caused his procedural default when it failed to follow the Alabama Rules of Criminal Procedure, the equitable tolling doctrine applies to his claims due to the State Circuit Court's procedural default, and this court will violate Standfield's Fourteenth Amendment right to due process if it dismisses his claims with prejudice. (*See* Doc. 15 at 19). The court construes Standfield's

arguments as claiming the cause and prejudice exception applies to his procedurally defaulted claims.[2]

As the Magistrate Judge explained:

> Under the "cause and prejudice" exception allowing federal review of a claim otherwise barred by the doctrine of procedural default, a petitioner must show "cause" for the default and "prejudice attributable thereto." *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Cause typically requires "some objective factor external to the defense" which hampered efforts "to comply with the State's procedural rule." *Id.* at 488. "'[A] showing that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials' made compliance impracticable, would constitute cause under this standard.'" *Amadea v. Zant*, 486 U.S. 214, 222 (1988) (quoting *Murray*, 477 U.S. at 488). "'To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.'" *Spencer v. Sec'y, Dep't of Corr.*, 609 F. 3d 1170, 1180 (11th Cir. 2010) (quoting *Henderson*, 353 F.3d at 892).

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") statute of limitations for § 2254 habeas petitions stands "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling applies only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling does not apply to Standfield's claims as the Magistrate Judge did not conclude his claims stand time-barred pursuant to AEDPA's one-year statute of limitations.

Furthermore, the fundamental miscarriage of justice exception excusing procedural default does not apply to Standfield's claims. (*See* Doc. 13 at 59-60). The precise scope of the "miscarriage of justice" exception excusing procedural default depends on the nature of the challenge. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992). However, a petitioner generally satisfies the exception when he offers proof of his "actual innocence, not just legal innocence." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010) (citing *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001)). Standfield neither argues actual innocence, nor proffers new evidence demonstrating actual innocence. (See Docs. 1, 8-11; 14-15).

(Doc. 13 at 43-44). Moreover, the Magistrate Judge correctly concluded the State Circuit Court did not prevent Standfield from exhausting his claims in state court. (*See* Doc. 13 at 45-51). Thus, Standfield's objection on the basis the State Circuit Court caused the procedural default of his claims warrants overruling.

In his objections, Standfield asserts for the first time a medical lock down at his housing facility prevented him from timely filing a petition for writ of certiorari review in the Alabama Supreme Court because he lacked access to legal research resources and court rules. (Doc. 15 at 12-13, 16-19, 32). On September 8, 2023, the ACCA overruled Standfield's application for rehearing. (Doc. 5-7 at 1; *see also* Doc. 15 at 16-17). At that time, prison officials locked down the Station Correctional Facility due to a tuberculosis and syphilis outbreak. (Doc. 15 at 17). As a result of this lock down, prison officials restricted the movement of prisoners, and Standfield lacked access to the law library facilities. (Doc. 15 at 17). Due to his inability to access the law library and research materials, Standfield had no means of either confirming or refuting his mistaken assumption he need seek certiorari review in the Alabama Supreme Court only if he challenged existing law. (Doc. 15 at 17-18).

First, Standfield's failure to understand appellate standards does not establish "cause" to excuse procedural default. *See Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) (per curiam) (explaining "ignorance of available post-conviction remedies cannot excuse a procedural default" (citations omitted)); *McCoy v.*

12

*Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (per curiam) (explaining a "petitioner's 'failure to act or think like a lawyer cannot be cause for failing to assert a claim' since he has no constitutional right to counsel during habeas corpus proceedings" (quoting *Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir.1990))).

Second, Standfield's inability to access the law library does not establish "cause" excusing the procedural default of his claims. Recall "cause" typically requires some objective factor external to the petitioner which hampered the petitioner's efforts to comply with the State's procedural rules. The very nature of a certiorari review, in which a petitioner may only raise those issues already researched, argued, and raised in the court below does not support an inference Standfield's inability to access the law library prevented him from timely filing a petition with the Alabama Supreme Court. Furthermore, Standfield does not contend the State Circuit Court or prison officials misinformed him of the applicable appellate rules nor does Standfield explain how he came to his mistaken belief. In other words, Standfield's allegations establish he stands the cause of his procedural default, not the State Circuit Court or prison officials. (*See* Doc. 15 at 12-13, 16-18, 32).

Finally, even if Standfield established cause to excuse his procedural default, he must also show "prejudice attributable thereto." *Murray v. Carrier*, 477 U.S. 478, 485 (1986). "'To establish "prejudice," a petitioner must show that there is at

13

least a reasonable probability that the result of the proceeding would have been different.'" *Spencer v. Sec'y, Dep't of Corr.*, 609 F. 3d 1170, 1180 (11th Cir. 2010) (quoting *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003)).  Standfield pleaded guilty to one count of bank robbery in the State Circuit Court.  The record before the court does not indicate a reasonable probability Standfield would have insisted on going to trial in the absence of the purported constitutional violations he claims in his habeas petition.  Standfield's federal plea bargain recounted his confession to multiple bank robberies, including the robbery to which he pleaded guilty in the State Circuit Court.[3]  Thus, Standfield failed to establish prejudice excusing his procedural default.  *See Wainwright v. Sykes*, 433 U.S. 72, 91 (1977) (concluding other substantial evidence of guilt at trial precluded a finding the trial court's admission of petitioner's purportedly involuntary confession prejudiced petitioner for the purposes of the cause and prejudice exception to the procedural

---

[3] As the Magistrate Judge explained in his Report and Recommendation:

Standfield's plea agreement in federal court recounts his admission to the July 3, 2014, robbery of First Metro Bank. *See United States v. Standfield*, No. 3:15-cr-00048-LCB-SGC-1, Doc. 2 at 4-5. "A guilty plea and any statements a defendant makes either when offering the plea or at the court hearing to accept it are admissible as admissions." *McCormick on Evidence* § 160 (8th ed. 2022). *See also* ALA. R. EVID. 410 (providing for the exclusion of evidence relating only to withdrawn guilty pleas and pleas of nolo contendere in a federal court or criminal proceeding in another state).

(Doc. 13 at 57).

default doctrine). Accordingly, Standfield's objections on this basis warrant overruling.

### 5. Structural Defect in Guilty Plea

As the Magistrate Judge recounted in his Report and Recommendation:

> Standfield pleaded guilty to Count I of the indictment charging the first-degree robbery of First Metro Bank. *See State v. Standfield*, 41-CC-2015-000535.00, Doc. 34 at 1. However, Count I of the indictment charges Standfield with the first-degree robbery of Bank Independent. *See State v. Standfield*, 41-CC-2015-000535.00, Doc. 1 at 2. As part of Standfield's plea agreement, the District Attorney agreed to nolle prosse with prejudice the remaining three counts in the March 2, 2015, state-court indictment assigned case nos. CC-15-125, CC-15-537, and CC-15-539. *State v. Standfield*, 41-CC-2015-000535.00, Doc. 34 at 1. Because the parties wrote "First Metro Bank" in the Plea Agreement, CC-15-535 (the case not dismissed) corresponds to Count II of the indictment, Stanfield admitted that prior to entering the plea agreement he "was going to trial on the First Metro [r]obbery", and Standfield contends he "was sentenced on the July 3, 2014, [r]obbery of First Metro Bank," the undersigned concludes the reference to "Count I" in the Plea Agreement constitutes a typo. *See State v. Standfield*, 41-CC-2015-000535.00, Doc. 1 at 1 & Doc. 34 at 1; *State v. Standfield*, 41-CC-2015-000535.61, Doc. 1 at 29. (*See also* Doc. 11 at 11 ("Mr. Standfield's state sentence was imposed for the robbery of First Metro Bank.").

(Doc. 13 at 6 n.4). Standfield asserts the reference to Count I in his plea agreement and sentencing order constitutes a structural error as defined by the Supreme Court which affects the voluntariness of his guilty plea. (Doc. 15 at 5-11, 35). The court concludes, as the Magistrate Judge did, that the reference to Count I in Standfield's plea agreement and felony sentencing order in the State Circuit Court constitutes a

typo, not a structural defect affecting the voluntariness of Standfield's guilty plea. Standfield's objection on this basis warrants overruling.

Standfield also contends the State Circuit Court's denial of his trial counsel's Motion to Withdraw constitutes a structural error effecting the voluntariness of his guilty plea agreement. (Doc. 15 at 34). As recounted by the Magistrate Judge:

> On December 6, 2015, trial counsel filed a motion to withdraw as Standfield's counsel. *State v. Standfield*, 41-CC-2015-000535.00, Doc. 28. The very next day, on December 7, 2015, Standfield entered into a Plea Agreement regarding the March 2, 2015, state-court indictment in the State Circuit Court. *State v. Standfield*, 41-CC-2015-000535.00, Doc. 34 at 1. In the Explanation of Rights and Plea of Guilty Standfield signed that same day, he acknowledged his satisfaction with his "attorney's services and his[ ] handling of [his] case." *See State v. Standfield*, 41-CC-2015-000535.00, Doc. 32 at 3.
>
> Given the foregoing facts, the trial court did not abuse its discretion in failing to appoint Standfield new counsel. *See Snell v. State*, 723 So. 2d 105, 107 (Ala. Crim. App. 1998) ("The decision to substitute or to remove court-appointed counsel and to appoint new counsel for an accused rests within the sound discretion of the trial court." (citation omitted)). "In order to prevail on a motion for substitution of counsel, the accused must show a demonstrated conflict of interest or the existence of an irreconcilable conflict so great that it has resulted in a total lack of communication that will prevent the preparation of an adequate defense." *Id.* (citation omitted). Because Standfield proclaimed his satisfaction with trial counsel's services shortly after trial counsel filed the motion to withdraw, Standfield failed to meet his burden showing his entitlement to new counsel. Thus, he failed to demonstrate a substantial claim of ineffective assistance at trial.

(Doc. 13 at 58-59). Standfield's objection on the grounds the State Circuit Court improperly denied the Motion to Withdraw stands meritless and warrants overruling.

Standfield further argues his plea agreement contains an ambiguity effecting the voluntariness of his guilty plea because it provides he must pay an undetermined amount of restitution to a fourth victim. (Doc. 15 at 35). Standfield's argument lacks merit. The State Circuit Court's February 3, 2016, Felony Sentencing Order did not include the purportedly problematic provision. (*See* Doc. 13-7).

Even if Standfield correctly argues the purported structural defects set forth above affected the voluntariness of his guilty plea, claims challenging the voluntariness of guilty pleas do not stand jurisdictional pursuant to Alabama law. *Fincher v. State*, 837 So. 2d 876, 878 (Ala. Crim. App. 2002) ("Claims relating to the voluntariness of guilty pleas are not jurisdictional and, therefore, are subject to the procedural bars of Rule 32.2, Ala. R. Crim. P." (citing *Harris v. State*, 778 So.2d 256 (Ala. Crim. App. 2000)). Thus, Standfield's unexhausted claims relating to the voluntariness of his guilty plea stand procedurally defaulted just as his other claims do. Standfield's objections on this basis warrant overruling.

### B. STANDFIELD'S PENDING MOTIONS

#### 1. Motion for Emergency Hearing

Standfield argues the court should grant his motion for emergency hearing because the record does not refute his factual allegations and his claims do not stand procedurally defaulted. (Doc. 15 at 33-39). As demonstrated by the above discussion, Standfield's claims stand procedurally defaulted and neither exception

to the procedural default doctrine applies. Accordingly, Stanfield's motion merits denial.

### 2. Motion for Summary Judgment

Standfield argues he established his entitlement to judgment as a matter of law. (Doc. 15 at 39-40). As demonstrated by the above discussion, Standfield's claims stand procedurally defaulted and neither exception to the procedural default doctrine applies. As such, Standfield does not stand entitled to judgment as a matter of law on his claims, and his motion for summary judgment merits denial.

### 3. Motion for Leave to Amend Petition

Standfield argues his non-jurisdictional claims do not stand procedurally defaulted and his motion to amend does not stand futile as a result. (Doc. 15 at 41-42). As demonstrated by the above discussion, Standfield's claims stand procedurally defaulted and neither exception to the procedural default doctrine applies. Accordingly, Stanfield's motion merits denial.

### 4. Standfield's Motion to Stay Proceedings

Standfield seeks to employ "the Kelly procedure" pursuant to the United States Court of Appeal for the Ninth Circuit's decision in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2009). (*See* Doc. 14 at 1). As described by Standfield:

> Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner

> the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

(Doc. 14 at 1). As recounted above, Standfield's unexhausted claims stand either meritless or procedurally defaulted and neither exception to the doctrine of procedural default applies. As such, Standfield may not seek further review of his claims in state court, and it would be futile to allow him an opportunity to do so. As such, Standfield's Motion to Stay Proceedings merits denial.

### C. CERTIFICATE OF APPEALABILITY

Standfield argues if the court denies him a certificate of appealability ("COA"), the court will violate his Fourteenth Amendment rights to due process and equal protection under the law. (Doc. 15 at 42-43). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Standfield failed to make the requisite showing. Accordingly, his request for a COA merits denial.

After careful consideration of the record in this case, the Magistrate Judge's report, and Standfield's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that Standfield's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) is due to be **DENIED**; Standfield's claim regarding the State Circuit Court's purported lack of jurisdiction to impose a consecutive sentence is due to be **DISMISSED WITH PREJUDICE** as meritless; and Standfield's remaining claims are due to be **DISMISSED WITH PREJUDICE** as not properly exhausted and procedurally defaulted. It is **ORDERED** that Standfield's Motion for Emergency Hearing (Doc. 9); Motion for Summary Judgment (Doc. 11); Motion for Leave to Amend Petition (Doc. 12); and Motion to Stay Proceedings and Hold in Abeyance Pending Exhaustion of New Claim (Doc. 14) are **DENIED**. A final judgment will be entered.

   **DONE** and **ORDERED** this September 9, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE